**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| EDGAR CHICAS HERNANDEZ,<br>  A#208-747-145, | * | |
| | * | |
| Petitioner | | |
| | * | |
| v | | Civil Action No. SAG-20-567 |
| | * | |
| DHS and ICE, | | |
| | * | |
| Respondents | | |
| | *** | |

**MEMORANDUM OPINION**

Petitioner Edgar Chicas Hernandez filed this Petition for Writ of Habeas Corpus on March 2, 2020, alleging that he had been detained pending removal from this country as a result of having false accusations made against him. ECF No. 1. He sought immediate release. *Id.* at 7. The filing was construed as a Petition pursuant to 28 U.S.C. § 2241, arguing that the length of detention surpasses the presumptively reasonable period of time for detention pending removal under *Zadvydas v. Davis*, 533 U.S. 678 (2001). On June 19, 2020, Respondents filed an answer arguing that the Petition should be dismissed for lack of subject matter jurisdiction. ECF No. 5. Specifically, Respondents assert that the instant dispute is now moot because Petitioner was removed from the United States on May 22, 2020. *Id.* at 1.

For the reasons set forth below, the Petition will be DISMISSED as moot.

**I. Factual Background**

Petitioner claims that when he was 17 years old, he was charged as an adult for a crime that he did not commit and was imprisoned for a year and a half. Petition at 7, ECF No. 1. Petitioner further claims that the United States Immigration Customs and Enforcement ("ICE") wants to deport him on the mistaken belief that he committed the crime. *Id.*

According to Respondents, Petitioner is a native and citizen of El Salvador who came to the United States on December 6, 2015. *See* Notice to Appear, ECF No. 5-1. The following day, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA"), alleging that Petitioner was deportable under the Immigration and Naturalization Act ("INA") § 212(a)(6)(A)(i) because he entered the United States without having been admitted or paroled after inspection by an Immigration Officer. *Id.*

At a master calendar hearing before an immigration judge on May 6, 2019, Petitioner admitted to the allegations and charges in the NTA and requested asylum, withholding of removal, and relief from removal under the Convention Against Torture ("CAT"). Immigration Court Order, ECF No. 5-2. In a decision dated May 7, 2019, the immigration judge denied Petitioner's requests for relief and protection, and ordered him removed to El Salvador. *Id.* at 13.

Petitioner appealed the immigration judge's decision to the Board of Immigration Appeal ("BIA"), which adopted and affirmed the immigration judge's decision on September 3, 2019. *See Chicas-Hernandez v. Barr*, No. 19-2034 (4th Cir. 2019), Doc. 27 (explaining procedural history). Petitioner then appealed the BIA's denial of protection under the CAT to the Fourth Circuit, which determined that Petitioner forfeited appellate review of his applications for asylum and withholding of removal, and upheld the denial of protection under the CAT. *See id.* at 2-3.

Petitioner filed the instant action on March 2, 2020, while he was detained at the Worcester County Jail in Snow Hill, Maryland. *See* ECF No. 1. On May 22, 2020, ICE removed him from the United States to El Salvador. Decl. of Deportation Officer, ECF No. 5-3.

## II. Standard of Review

Fed. R. Civ. P. 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve*, 628 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir.

2004). Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. E. W. Constr., Inc*., 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co*., 166 F.3d 642, 647 (4th Cir. 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Ellenburg v. Spartan Motors Chassis*, Inc., 519 F.3d 192, 196 (4th Cir. 2008). Thus, the court may properly grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005) (citing *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)).

### III.  Discussion

Respondent argues that the Petition should be dismissed because Petitioner is no longer in the United States, thus rendering the Petition moot. The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U.S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). "[W]hen the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," a case is deemed moot. *United States v. Hardy*, 545 F. 3d 280, 283 (4th Cir. 2008) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the grievance. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 Fed. App'x. 295 (4th Cir. 2007); *Alvarez v. Conley*, 145 Fed. App'x. 428 (4th Cir. 2005).

As Respondents have explained and documented, Petitioner is no longer being detained pending his removal; rather, he has been removed to El Salvador. Thus, the court is unable to

remedy the grievance presented in his Petition. As the case is now moot, the court lacks subject matter jurisdiction. Accordingly, the Petition will be dismissed.

### IV. Conclusion

For the foregoing reasons, the Petition for Writ of Habeas Corpus shall be DISMISSED as moot. A separate Order follows.


June 22, 2020                                           /s/
Date                                                            Stephanie A. Gallagher
                                                                 United States District Judge